1  Michele Floyd (SBN 163031)
   mfloyd@srclaw.com
2  Stephen A. Chiari (SBN 221410)
   schiari@srclaw.com
3  Elaisha Nandrajog (SBN 301798)
   enandrajog@srclaw.com
4  SACKS, RICKETTS & CASE LLP
   177 Post Street, Suite 650
5  San Francisco, CA 94108
   Telephone: 415-549-0580
6  Facsimile: 415-549-0640

7  Attorneys for Defendants
   RELAYRIDES, INC.; SPHERE RISK PARTNERS;
8  and TURO INC.

9

                **UNITED STATES DISTRICT COURT**
10
        **NORTHERN DISTRICT OF CALIFORNIA-SAN FRANCISCO DIVISION**
11

12
   JIAN-MING "SCOTT" ZHAO,                 CASE NO.
13
                 Plaintiff,                [San Mateo Superior Court Case No.
14                                          16CIV02362]
   v.
15                                          **DEFENDANTS' NOTICE OF REMOVAL**
   RELAYRIDES, INC.; SPHERE RISK           **OF CIVIL ACTION UNDER  28 U.S.C.**
16 PARTNERS; TURO INC.; AND, DOES 1 TO     **SECTION 1332(D) (CLASS ACTION**
   50, INCLUSIVE,                          **FAIRNESS ACT)**
17
                 Defendants.
18

19                     **NOTICE OF REMOVAL**

20          TO THE CLERK OF THE ABOVE-ENTITLED COURT, THE PARTIES, AND ALL

21 ATTORNEYS OF RECORD:

22          PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1367, 1441(a), 1446,

23 and 1453, Defendants RelayRides, Inc., Sphere Risk Partners, and Turo Inc. (collectively

24 "Defendants") hereby remove to this Court the state court action described below, pending as

25 case number 16CIV02362 in the Superior Court of California, County of San Mateo ("State Court

26 Action"). The following statement is submitted pursuant to 28 U.S.C. § 1446(a):

27 ///

28 ///

## I. **FACTUAL BACKGROUND**

1.       On or about November 14, 2016, Plaintiff Jian-Ming "Scott" Zhao ("Plaintiff") filed a complaint for damages and thereby commenced the State Court Action in the Superior Court of the State of California for the County of San Mateo, entitled *Jian-Ming "Scott" Zhao vs. RelayRides, Inc., et al.* Plaintiff filed a motion for leave to file a first amended complaint in the State Court Action on June 21, 2017. On July 6, 2017, Defendants stipulated to the filing of Plaintiff's proposed first amended complaint. Counsel for Plaintiff appeared *ex parte* on July 13, 2017 to have the court sign the order approving the parties' aforesaid stipulation. Pursuant to the July 6, 2017 stipulation, the first amended complaint was deemed served on July 13, 2017 (i.e. the date the court signed the order approving the parties' stipulation regarding the filing of Plaintiff's first amended complaint). As required by 28 U.S.C. § 1446(a), a copy of the docket and all process, pleadings, and orders served upon Defendants with respect to the State Court Action are attached hereto as **Exhibits A** and **B**.

2.       The allegations of the first amended complaint ("FAC"), attached hereto at **Exhibit A**, are incorporated by reference in the instant Notice of Removal without admitting to any of them. The FAC has been styled as a class action complaint pursuant to California Code of Civil Procedure § 382, the statute authorizing an action to be brought by one or more representative persons as a class action. (FAC, ¶¶ 7, 33 at **Exhibit A**). According to the FAC, "RelayRides" provides an online platform where car owners can list their cars for rent. (FAC, ¶ 2 at **Exhibit A**). Plaintiff alleges that his vehicle "was damaged during the rental period when a renter drove off the road causing a single car accident …which resulted in the total loss of Plaintiff's vehicle." (FAC, ¶ 8 at **Exhibit A**). The crux of the FAC appears to be that Defendants falsely and deceptively represented to Plaintiff and other similarly situated individuals that vehicles damaged during every rental period would be covered by a $1,000,000 liability policy, with no out-of-pocket expenses. (FAC, ¶¶ 5, 38 at **Exhibit A**). On this basis, the FAC alleges five causes of action for Fraud, Unfair Business Practices, Breach of Contract, Bad Faith, and Promissory Estoppel. (*See generally*, FAC at **Exhibit A**).

3.       Plaintiff resides in San Francisco, California. (FAC, ¶ 8 at **Exhibit A**).

1        4.      Defendant Turo Inc. is a Delaware corporation, founded in 2009, with its principal

2  place of business in San Francisco, California.  (FAC, ¶ 11 at **Exhibit A**; Declaration of Alex

3  Benn ("Benn Decl."), ¶ 2 at **Exhibit D**).  Turo Inc. was formerly known as RelayRides, Inc. and

4  changed its name to Turo Inc. in November 2015.  (Benn Decl., ¶ 2 at **Exhibit D**).

5        5.      Defendant Sphere Risk Partners was incorporated in the State of Pennsylvania in

6  2013, and its principal place of business is in Media, Delaware County, Pennsylvania.

7  (Declaration of William P. Curtis Jr. ("Curtis Decl."), ¶ 2 at **Exhibit E**).

8        6.      Aside from the documents contained within **Exhibits A** and **B**, Defendants have

9  not been served with any other process, pleadings, or orders in the State Court Action.

10       7.      Aside from the mediation scheduled for August 18, 2017, the mandatory

11  settlement conference scheduled for December 5, 2017, and the jury trial scheduled for January

12  16, 2018, there are no other upcoming proceedings scheduled in the State Court Action.

13  **II.  GROUNDS FOR FEDERAL JURISDICTION AND REMOVAL**

14       8.      A defendant may remove any civil action brought in a State court of which the

15  United States district courts have original jurisdiction.  *See* 28 U.S.C. § 1441(a).

16       9.      Pursuant to 28 U.S.C. section 1332, as amended by the Class Action Fairness Act

17  ("CAFA"), original federal jurisdiction extends over putative class actions commenced after

18  February 18, 2005—the effective date of CAFA—where: (1) the proposed class consists of more

19  than 100 members in the aggregate; (2) any member of the proposed class is a citizen of a state

20  different from any defendant (*i.e.*, where minimal diversity exists); and (3) the amount in

21  controversy is $5 million or more, aggregating all claims, and exclusive of interests and costs.

22  *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1332(d)(6).

23       10.     While there are a number of exceptions to this rule of original jurisdiction

24  contained in 28 U.S.C. section 1332(d)(3)-(5), (9), none of them are applicable here.

25       11.     CAFA applies to the State Court Action because the State Court Action was

26  commenced on or around November 14, 2016, after CAFA's February 18, 2005 effective date.

27  *See* Notes to 28 U.S.C. §§ 1332, 1453 ("The Amendments made by this Act shall apply to any

28  civil action commenced on or after the date of enactment by this Act [February 18, 2005]"), citing

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

1  Pub. L. 109-2, §9, 119 Stat. 14.  In addition, the State Court Action is a "class action" within the

2  meaning of CAFA because it is a "civil action filed under" California Code of Civil Procedure

3  section 382 (FAC, ¶¶ 7, 33 at **Exhibit A**)—California's analog to Federal Rule of Civil Procedure

4  23—and a "rule of judicial procedure authorizing an action to be brought by 1 or more

5  representative persons as a class action." *See* 28 U.S.C. § 1332(d)(1)(B) ("the term 'class action'

6  means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State

7  statute or rule of judicial procedure authorizing an action to be brought by 1 or more

8  representative persons as a class action"); *see also* 28 U.S.C. § 1453(a) (stating that as it applies

9  to removal of class actions, the term "'class action' … shall have the meaning[] … under section

10  1332(d)(1)").

11       12.    As shown below, there is no question that the class numerosity, minimal diversity,

12  and amount in controversy requirements of CAFA are all satisfied here, such that removal of the

13  State Court Action to this Court is proper.

14       **A. Class Numerosity**

15       13.    Plaintiff's proposed class is well over the 100 aggregate minimum required under

16  CAFA. According to the FAC, Defendants' alleged conduct applies to a "First Class,"

17  "composed of all persons who owned a vehicle that was listed on RelayRides's marketplace, but

18  [were] denied coverage, or did not receive the benefit of being fully covered for damages, after a

19  renter damaged the owner's vehicle during the rental period," and a "Second Class," "composed

20  of all persons who, owned a vehicle which was listed on RelayRides's marketplace, that paid out

21  of pocket expenses after the owner's vehicle was damages during the rental period." (FAC, ¶ 35

22  at **Exhibit A**).  The FAC further alleges, in pertinent part, that "there are hundreds of members, if

23  not thousands of members of the [two proposed] Classes," and "the numbers are so numerous that

24  joinder is impractical." (FAC, ¶ 36 at **Exhibit A**).  Based on the aforementioned allegations,

25  CAFA's class numerosity requirement is clearly met. *See Tholmer v. Rite Aid Corp.*, No. 5:11-

26  CV-2232 EJD, 2012 WL 929833, at *3 (N.D. Cal. Mar. 16, 2012) (in a case where the complaint

27  alleged that defendant's illegal practices affected more than 500 persons, the court held that

28  "[a]ccepting the allegations in the [c]omplaint as true, the proposed class contains at least 100

-4-
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

1   members.").

2                **B.  Minimal Diversity**

3         14.    In addition, minimal diversity under CAFA is also present under 28 U.S.C.

4   sections 1332(d)(2) and (d)(7).  Plaintiff alleges that he "resides at 158 Broad Street, San

5   Francisco," California.   (FAC, ¶ 8 at **Exhibit A**).  Plaintiff is therefore a citizen of California.

6   *See* 28 U.S.C. § 1332(a)(2) (for diversity purposes, a person is a "citizen" of the state in which he

7   or she is domiciled); *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088 (9th Cir. 1983) (same);

8   *Bergman v. Bank of Am.*, No. C-13-00741 JCS, 2013 WL 5863057, at *1 n. 2 (N.D. Cal. Oct. 23,

9   2013) ("A party's residence is prima facie evidence of domicile.  In the absence of evidence to

10   the contrary, a party will be treated as a citizen of its state of residence for federal diversity

11   purposes.").  As the only named plaintiff, Plaintiff seeks to represent two nationwide classes

12   consisting of individuals and entities from 49 states.  (FAC, ¶ 35 at **Exhibit A**; Benn Decl., ¶ 3 at

13   **Exhibit D**).

14         15.    Defendant Turo Inc. is a Delaware corporation, founded in 2009, with its

15   principal place of business in San Francisco, California.  Turo Inc. was formerly known as

16   RelayRides, Inc. and changed its name to Turo Inc. in November 2015.  (FAC, ¶ 11 at **Exhibit**

17   **A**; Benn Decl., ¶ 2 at **Exhibit D**).  Additionally, Defendant Sphere Risk Partners was

18   incorporated in the State of Pennsylvania in 2013, and its principal place of business is located in

19   Media, Delaware County, Pennsylvania.  (Curtis Decl., ¶ 2 at **Exhibit E**).  Thus, for CAFA

20   purposes, Turo Inc. is a citizen of Delaware and California and Sphere Risk Partners is a citizen

21   of Pennsylvania.  *See* 28 U.S.C. § 1332(c)(1) (stating that for diversity purposes, a corporation

22   "shall be deemed a citizen of any State by which it has been incorporated and of the State where

23   it has its principal place of business."); *see also Bank of Cal. Nat'l Ass'n v. Twin Harbors*

24   *Lumber Co.*, 465 F.2d 489, 492 (9th Cir. 1972).

25         16.    Based on the foregoing, minimum diversity is met because at least one defendant

26   (Sphere Risk Partners) is a citizen of a State that is different from at least one member of the

27   putative nationwide class (Plaintiff). *See* 28 U.S.C. §§ 1332(d)(2), (7).

28   ///

## C. **Amount in Controversy**

17.     Further, CAFA's $5 million amount in controversy threshold is also satisfied. Where, as here, "the complaint does not contain any specific amount of damages sought, the party seeking removal under diversity bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." *Lewis v. Verizon Commc'n, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010); *Bicek v. C&S Wholesale Grocers, Inc.*, No. 2:13-cv-00411-MCE-KJN, 2013 WL 4009239, at *6 (E.D. Cal. Aug. 5, 2013) (discussing the preponderance of evidence standard). To do so, a defendant need only show that it is "more likely than not" that the jurisdictional threshold is met. *Ray v. Wells Fargo Bank, N.A.*, No. CV 11-1477 AHM (JCx), 2011 WL 1790123, at *5 (C.D. Cal. May 9, 2011) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). Accordingly, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Ray*, 2011 WL 1790123, at *5; *Quintana v. Claire's Stores, Inc.*, No. 13-0368-PSG, 2013 WL 1736671, at *2 (N.D. Cal. Apr. 22, 2013) (denying motion for remand; "[i]f the complaint alleges damages exceeding the jurisdictional minimum, a presumption arises that the amount in controversy has been satisfied and a party challenging jurisdiction must show with 'legal certainty that the claims is actually for less than the jurisdictional minimum.'").

18.     "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* Courts routinely accept as sufficient declarations providing adequate evidence in support of a defendant's allegation that the amount in controversy is satisfied. *See, e.g.*, *Watkins v. Vital Pharmaceuticals, Inc.*, 720 F. 3d 1179, 1181 (9th Cir. 2013) (defendant's uncontroverted declaration that sales of the product in dispute exceeded $5 million per year was sufficient to establish the CAFA amount threshold); *Rea v. Michaels Stores Inc.*, 742 F. 3d 1234, 1239 (9th Cir. 2014) (defendant established requisite amount in controversy by declarations and other evidence that hours worked by store managers

1  would entitle them to over $5 million if they prevailed).

2          19.     Here, a close evaluation of Plaintiff's claims confirms that the amount in

3  controversy exceeds $5 million.  As noted previously, Plaintiff alleges that his vehicle was

4  damaged during a single car accident.  (FAC, ¶ 8 at **Exhibit A**).  Defendants' records indicate that

5  the cost to repair Plaintiff's vehicle ($16,293.94) exceeded the fair market value of the vehicle

6  ($14,957.11).  (Benn Decl., ¶ 4 at **Exhibit D**).  Plaintiff further alleges that his "claim [is] typical

7  of the claims of the [two classes alleged in the FAC]."  (FAC, ¶ 40 at **Exhibit A**).  Assuming that

8  Plaintiff's claim is indeed "typical," each purported class member would have a claim against

9  Defendants in the amount of approximately $15,000.  According to the FAC, "there are hundreds

10 of members, if not thousands of members of the Classes".  (FAC, ¶ 36 at **Exhibit A**).[1]  Assuming

11 there are at least 334 putative members across the proposed classes, the following calculation is

12 applicable: 334 class members x $15,000 in economic damages = an amount in controversy of

13 $5,010,000.[2]  This amount alone is sufficient to satisfy the amount in controversy requirement

14 under CAFA.

15         20.     Beyond the aforesaid money that Plaintiff seeks in damages, he also seeks

16 attorneys' fees.  (FAC, Prayer for Relief, at **Exhibit A**).  These amounts count toward the

17 jurisdictional amount, further confirming that the amount in controversy is well over CAFA's $5

18 million threshold.  *See* 28 U.S.C. 1332(d)(6); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp.

19 2d 1004, 1011 (N.D. Cal. 2002) ("a reasonable estimate of [attorneys'] fees likely to be incurred

20 to resolution" counts toward the amount in controversy).  The amount recoverable as attorney's

21 fees in this case is likely to exceed six figures.  *See, e.g., id.* at fn. 4; *see also Fischel v. Equitable

22 Life Assur. Soc'y,* 307 F.3d 997, 1006 (9th Cir. 2002) (the Ninth Circuit's established benchmark

23 of 25 percent of damages for an award of attorney's fees in class actions provides a reasonable

24 _____

25 [1] Defendants assume the truth of Plaintiff's allegations for purposes of this Notice only.  If this action proceeds (and it should not), Defendants will establish there is no evidentiary basis for Plaintiff's claims regarding damages and/or the purported class members.

26 [2] Assuming there are 200 members, the collective economic damages would amount to

27 $3,000,000 ($15,000 in damages per class member times 200 members).  Factoring in conservative estimates of attorneys' fees and punitive damages—as discussed below—would

28 result in the amount in controversy being met even if there were merely 200 members across the proposed classes.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

1    basis to determine the amount of attorney's fees likely to be recovered).  As such, using the

2    Ninth Circuit benchmark of 25 percent of damages, the amount of attorneys' fees likely to be

3    recovered would be $5,010,000 x 0.25 = $1,252,500.[3]

4          21.     The punitive damages that Plaintiff seeks (*see* FAC, Prayer for Relief, at **Exhibit**

5    **A**) are also treated as part of the amount in controversy for purposes of removal. *See*, *e.g.*, *Coren*

6    *v. Mobil Entm't, Inc.*, No. 08-cv-05264, 2009 WL 764883, at *2 (N.D. Cal. Mar. 19, 2009)

7    (stating claims for punitive damages are generally considered part of the amount in controversy,

8    provided that the underlying compensatory damages are not "speculative").  While Defendants

9    deny that punitive damages are recoverable in any amount, Plaintiff's FAC puts them in

10   controversy and it is reasonable to assume that Plaintiffs will seek to recover punitive damages in

11   an amount at least equal to the alleged actual damages, which, as discussed above, are likely to be

12   in the range of $5,010,000.

13         22.     Although Defendants deny Plaintiff's allegations, assuming, arguendo, that

14   Plaintiff succeeds in proving his claims, it is clear based on the discussion above that the total

15   amount of monetary relief sought by Plaintiff and the other putative class members is in excess of

16   $5 million, exclusive of interest and costs.  Removal of this action under CAFA is therefore

17   appropriate.

18   ///

19

20   [3] Courts in the Ninth Circuit are split as to whether only attorneys' fees that have accrued at the
     time of removal should be considered in calculating the amount in controversy, or whether the
     calculation should take into account fees likely to accrue over the life of the case. *Compare*

21   *Brady*, 243 F.Supp.2d at 1011, fn. 4 ("While an estimate of the amount in controversy must be
     made based on facts known at the time of removal, that does not imply that items such as future

22   income loss, damages, or attorneys['] fees likely to be incurred cannot be estimated at the time of
     removal") *with Giordano v. Park Avenue Life Insurance Co.*, No. CV 09–01405 SJO (FMOx),

23   2009 WL 1474945, *3 (C.D. Cal. Apr. 7, 2009) ("Where attorneys' fees are to be included in the
     amount in controversy, 'district courts in this circuit have disagreed [as to] whether attorneys'

24   fees incurred after the date of removal are properly included in the amount in controversy:' some
     courts refuse to consider attorneys' fees incurred after removal whereas others include a

25   'reasonable estimate of attorneys['] fees likely to be expended,'" quoting *Burk v. Medical Savings*
     *Insurance Co.*, 348 F.Supp.2d 1063, 1068-69 (D. Ariz. 2004) (alterations original)).  Even if the

26   Court does not consider any attorneys' fees in calculating the amount in controversy, Plaintiff's
     aforesaid allegations regarding the number of class members and Plaintiff's own damages,  which

27   he alleges are "typical," cause the amount in controversy requirement to be met in this case. *See*
     FAC, ¶¶ 36, 40.

28

### III.  COMPLIANCE WITH REMOVAL STATUTE

23.    **Removal to Proper Court**.  Assignment to this Court is proper because it is part of the "district and division" embracing the place where the State Court Action was filed – Superior Court, County of San Mateo.  *See* 28 U.S.C. § 1446(a).

24.    **Removal is Timely**.  This Notice of Removal is timely under 28 U.S.C. section 1446(b)(3) because it is being filed within thirty (30) days of Defendants' receipt of Plaintiff's FAC through service of process or otherwise, which, pursuant to the aforesaid July 6, 2017 stipulation between the parties, occurred on July 13, 2017.

25.    **Pleadings and Process**.  Pursuant to 28 U.S.C. section 1446(a), attached hereto as **Exhibits A** and **B** is a copy of the docket and all process, pleadings, and orders served on Defendants in the State Court Action.

26.    **Filing and Service**.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff in the State Court Action and a copy, along with a Notice of Filing of Notice of Removal, is being filed with the Clerk of the Superior Court of California, County of San Mateo.  A copy of said Notice of Filing of Notice of Removal (without exhibits) is attached hereto as **Exhibit C**.

27.    **Other Defendants**. Consent to removal is not required with respect to removal under CAFA. *See* 28 U.S.C. § 1453(b).  In any event, all named defendants consent to removal of the action.  The Doe defendants are disregarded for the purposes of removal.  *See* 28 U.S.C. §§ 1441(b), 1446(b)(2)(A) (the citizenship of doe defendants must be disregarded for the purposes of determining diversity jurisdiction, and, when a civil action is removed under section 1441(a), only "defendants who have been properly joined and served must join in or consent to the removal of the action").

28.    **Proper Signature**.  Counsel for Defendants hereby certifies, pursuant to 28 U.S.C. section 1446(a), that this Notice of Removal filed on behalf of Defendants is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

29.    Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. section 1332(d), and the claims may be removed to this Court under 28 U.S.C. section

1441(a).

**IV. REQUEST FOR ADDITIONAL ARGUMENTS AND EVIDENCE, IF NECESSARY**

30.     In the event that Plaintiff files a request to remand, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit additional argument or evidence in support of removal.

WHEREFORE, this action should proceed in the United States District Court for the Northern District of California, as an action properly removed thereto.


Dated: July 20, 2017                                    Respectfully submitted,


By:/s/ Stephen A. Chiari
                                                            MICHELE FLOYD
                                                            STEPHEN A. CHIARI
                                                            ELAISHA NANDRAJOG
                                                            SACKS, RICKETTS & CASE LLP

                                                            Attorneys for Defendants
                                                            RELAYRIDES, INC., SPHERE RISK
                                                            PARTNERS, and TURO INC.